**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIK MISHIYEV,

               Plaintiff-Appellant,

    v.

ALPHABET, INC.; et al.,

               Defendants-Appellees.

No.   20-15657

D.C. No. 3:19-cv-05422-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

    Erik Mishiyev appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim. *Parents for Privacy v. Barr*, 949

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Mishiyev's request for oral argument, set forth in the opening and reply briefs, is denied.

F.3d 1210, 1221 (9th Cir. 2020). We affirm.

The district court properly dismissed Mishiyev's action because Mishiyev failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 575-76 (Cal. 2020) (elements of tortious interference with contractual relations and tortious interference with prospective economic advantage claims); *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (elements of a breach of contract claim); *Mintz v. Blue Cross of Cal.*, 92 Cal. Rptr. 3d. 422, 434 (Ct. App. 2009) (elements of a negligence claim); *Venhaus v. Shultz*, 66 Cal. Rptr. 3d 432, 435-46 (Ct. App. 2007) (elements of a negligent interference with prospective economic advantage claim); *see also Erlich v. Menezes*, 981 P.2d 978, 982 (Cal. 1999) ("[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.").

We reject as without merit Mishiyev's contentions regarding prejudice or impropriety on the part of the district court, or ineffective assistance of counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-15657

Mishiyev's motions to supplement the record on appeal (Docket Entry Nos.

16, 18, 34) are denied.

**AFFIRMED.**